LAURA E. DUFFY
United States Attorney
JULIA A. CLINE
Special Assistant U.S. Attorney
California Bar No. 201624
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6783

FILED
DEC - 2 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SERGIO RODRIGUEZ (3),

Defendant.

Case No.: 14 CR 3276 AJB

**STIPULATION OF FACT AND JOINT MOTION FOR RELEASE OF MATERIAL WITNESS(ES) AND ORDER THEREON**

**(Pre-Indictment Fast-Track Program)**

IT IS HEREBY STIPULATED AND AGREED between the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Julia A. Cline, Special Assistant United States Attorney, and defendant SERGIO RODRIGUEZ, by and through and with the advice and consent of defense counsel, Alana B. McMains, that:

1. Defendant agrees to execute this stipulation on or before the second preliminary hearing date and to participate in a full and complete inquiry by the Court into whether defendant knowingly, intelligently and voluntarily entered into it.

2. The material witnesses, San Roman Guzman-Perez, Fredy Vera-Pacheco and Claro Alejandro Zepeda-Ochoa, in this case:

a. Are illegal aliens who defendants Scott Allan Myers, Sandra Mendoza and Sergio Rodriguez, and possible others, conspired to transport and move.

b. Are aliens with no lawful right to enter or remain in the United States;

c. Entered or attempted to enter the United States illegally on or about October 15, 2014;

d. Material Witness Claro Alejandro Zepeda-Ochoa was seen entering a vehicle being driven by defendant Sandra Mendoza, thereafter defendant Sergio Rodriguez took over driving said vehicle and parked in a Popeye's Chicken parking lot next to another vehicle being driven by defendant Scott Allan Myers, in San Diego, California, and that all three defendants knew or acted in reckless disregard of the fact that material witness Claro Alejandro Zepeda-Ochoa was an alien with no lawful right to enter or remain in the United States;

e. After material witness Claro Alejandro Zepeda-Ochoa entered the vehicle being driven by defendant Scott Allan Myers, they left in said vehicle and were later apprehended at the residence of defendant Scott Allan Myers, in San Diego, California, in which two more undocumented aliens (material witnesses San Roman Guzman-Perez and Fredy Vera-Pacheco) were found inside the residence. Further, defendants knew or acted in reckless disregard of the fact that all of the material witnesses were aliens with no lawful right to enter or remain in the United States;

f. Were paying or having others pay on their behalf $6,000 to others to be brought into the United States illegally and/or transported illegally to their destination therein; and,

g. May be released and remanded immediately to the Department of Homeland Security for return to their country of origin.

3. The vehicles being driven in this case;

a. Were seized as evidence and is held by the Department of Homeland Security;

b. May be released as evidence and immediately disposed of by the Department of Homeland Security.

4. After the court has ordered the material witnesses released, pursuant to this stipulation and joint motion, if defendant does not plead guilty to the charge set forth above, for any reason, or thereafter withdraws his/her guilty plea to that charge, defendant agrees that in any proceeding, including, but not limited to, motion

hearings, trial, sentencing, appeal or collateral attack, that:

a. The stipulated facts set forth in paragraph 4 above shall be admitted as substantive evidence;

b. The United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witness(es) provided in discovery, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of (an) unavailable witness(es);

c. Understanding that under Crawford v. Washington, 124 S. Ct. 1354 (2004), "testimonial" hearsay statements are not admissible against a defendant unless defendant confronted and cross-examined the witness(es) who made the "testimonial" hearsay statements, defendant waives the right to confront and cross-examine the material witness(es) in this case; and,

d. Defendant waives the opportunity to examine the vehicle or object to its unavailability in this case.

5. By signing this stipulation and joint motion, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant certifies further that defendant has discussed the terms of this stipulation and joint motion with defense counsel and fully understands its meaning and effect.

Based on the foregoing, the parties jointly move the stipulation into evidence and for the immediate release and remand of the above-named material witnesses to the Department of Homeland Security for return to their country of origin.

//

//

//

//

//

//

It is **STIPULATED AND AGREED** this date.

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

DATED 12/1/14

JULIA A. CLINE
Special Assistant U.S. Attorney

DATED 11/14/14

ALANA B. MCMAINS
Defense Counsel

DATED 11/14/14

SERGIO RODRIGUEZ
Defendant

# O R D E R

Upon joint application and motion of the parties, and for good cause shown,

**THE STIPULATION** is admitted into evidence; and

**IT IS ORDERED** that the above-named material witnesses be released and remanded forthwith to the Department of Homeland Security for return to their country of origin.

**SO ORDERED.**

12/2/2014
DATED

United States Magistrate Judge