PROB 12C
(04/08)

January 20, 2017
pacts id: 835561

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Sergio RODRIGUEZ (English) **Dkt No.:** 14CR03276-003-AJB

**Reg. No.:** 48507-298

**Name of Sentencing Judicial Officer:** The Honorable Anthony J. Battaglia, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(I), Conspiracy to Transport Illegal Aliens, a Class C felony.

**Date of Sentence:** April 10, 2015

**Sentence:** Nine months' imprisonment, followed by twenty-four months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On February 18, 2016, a modification to the conditions of supervised release was approved to include participation in a cognitive behavioral treatment program.

**Type of Supervision:** Supervised Release **Date Supervision Commenced:** July 16, 2015

**Asst. U.S. Atty.:** Jeremy Herring **Defense Counsel:** Alana McMains
(Appointed)
(619) 234-8467

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court. Refrain from any unlawful use of a controlled substance. *(nv3)* | 1. On or about September 16, 2016, Mr. Sergio Rodriguez used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office on September 16, 2016, which confirmed positive for amphetamine and methamphetamine. |

***Grounds for Revocation:*** As to allegation 1, I have received and reviewed written laboratory notification from Alere Toxicology Services, which verify the urine specimen provided by the offender on September 16, 2016, confirmed positive for amphetamine and methamphetamine.

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(mv8)* | 2. On September 29, 2016, October 3, 2016, November 7, 2016, and December 5, 2016 Mr. Rodriguez failed to report to the undersigned at the U.S. Probation Office as directed. |

***Grounds for Revocation:*** As to allegation 2, on September 28, 2016, Mr. Rodriguez was directed to report to the U.S. Probation Office in the Southern District of California on September 29, 2016, to meet with the undersigned and he failed to report as directed. Additionally, on September 16, 2016, Mr. Rodriguez was verbally directed by the undersigned to report to the U.S. Probation Office every first Monday of each month to meet with the undersigned, and he has failed to comply with this directive.

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Special Condition)** Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. *(nv21)* | 3. On September 6, 2016, Mr. Rodriguez was terminated from Strategies for Self-Change (SSC), a Cognitive Behavioral Treatment program offered through the United States Probation Office. |

***Grounds for Revocation:*** As to allegation 3, on September 6, 2016, the undersigned received correspondence from the facilitator of the U. S. Probation Office, advising of Mr. Rodriguez's unsuccessful discharge from SSC on September 6, 2016. On February 28, 2016, Mr. Rodriguez was directed to begin attending and participating in SSC, a program offered through the U.S. Probation Office until his successful completion of the program. On the above noted date Mr. Rodriguez was unsuccessfully terminated from the program after receiving his third unexcused absence.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On July 16, 2015, Mr. Rodriguez released from imprisonment at which time his term of supervised release commenced. At the onset of supervised release, Mr. Rodriguez was also under the supervision with the San Diego County Probation Office for a previous conviction. Mr. Rodriguez's transition to the community was marginal as his employment was sporadic and his residence was not stable. Given his lack of consistent employment, in February 2016, Mr. Rodriguez was referred to the U.S. Probation Office Workforce Development Program for additional assistance in securing employment. Additionally, in February 2016, correspondence was submitted to Your Honor, requesting a modification to the conditions of supervised release to include Mr. Rodriguez's participation in Cognitive Behavioral Treatment. In April 2016, Mr. Rodriguez began participating in the Strategies for Self Change (SSC) program that is offered by the U.S. Probation Office, after missing all of the classes offered in March 2016.

On June 16, 2016, Mr. Rodriguez was arrested for driving on a suspended license and for an outstanding driving under the influence warrant. As a result of the driving under the influence matter, Mr. Rodriguez was ordered to participate in treatment and he was attending treatment as ordered. In September 2016, Mr. Rodriguez was terminated from the SSC program for his non-compliance with the rules of the program with respect to his attendance. Additionally, in September 2016, Mr. Rodriguez submitted to a random drug test, which confirmed positive for the use of illicit substances. Further Mr. Rodriguez has had law enforcement contact on at least two separate occasions that he has failed as required. On September 28, 2016, during a routine home contact, Mr. Rodriguez was directed to report to the probation office on the following date, prior to appearing at his place of employment to address his non-compliance. Additionally, Mr. Rodriguez has been directed to report to the undersigned every first Monday of each month. He has failed to report as directed.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Rodriguez's juvenile history commenced at age 16 and reveals adjudications for taking a vehicle without owner's consent (2) and receiving stolen property. His adult criminal history reflects convictions for carry a concealed weapon in a vehicle, assault with a deadly weapon with great bodily injury, corporal injury to spouse/cohabitant, and driving under the influence resulting in injury all of which establish a Criminal History Category VI. Mr. Rodriguez has received prior periods of supervision some of which resulted in revocation hearings.

As reflected in the Presentence Report, Mr. Rodriguez's criminal history also reveals his association with the Logan Heights Red Steps criminal street gang.

Mr. Rodriguez is in a relationship with his co-defendant in the instant matter and they are expecting their second child together and they continue to reside in San Diego.

**SENTENCING OPTIONS**

**CUSTODY**

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (Use of a controlled substance, Failure to follow the instructions of the probation officer, and Failure to participate in substance abuse treatment) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 36 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

**REIMPOSITION OF SUPERVISED RELEASE**

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 36 month(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

**JUSTIFICATION FOR BENCH WARRANT**

Mr. Rodriguez was terminated from Cognitive Behavioral Treatment, he has resumed his use of illicit substances and he has failed to follow the instructions of the probation officer. Given his criminal history and prior performance on supervision, he is deemed a risk to the community.

**RECOMMENDATION/JUSTIFICATION**

The pending matter represents the first time Mr. Rodriguez has been brought before the Court for violation proceedings in this matter. Although the current petition to revoke is being filed nearly 18 months after his placement on supervision, he has exhibited non-compliance throughout his term of supervised release and the verbal admonishments have not deterred his non-compliance. At the time of sentencing, Mr. Rodriguez was ordered to serve a period of nine months custody followed by two years of supervised release and he has not taken advantage of the rehabilitative services afforded to him to address his treatment needs. Although the allegations do not appear egregious, Mr. Rodriguez has had the benefit of prior periods of supervision that have not been successful. Now he has resumed his use of illicit substances and he has exhibited a blatant disregard for the conditions of supervised release. Therefore, if the violations are sustained it is respectfully recommended his term of supervised release be revoked and he be sentenced to the low end of the guideline range of eight months followed by one year of supervised release with the previously imposed conditions to include substance abuse treatment. This sentence will hold Mr. Rodriguez accountable for his breach of the Court's trust and to afford him additional rehabilitative services upon his release from imprisonment.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: January 20, 2017**

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by Ymelda Valenzuela

Ymelda E. Valenzuela
Senior U.S. Probation Officer
(619) 446-3824

Reviewed and approved:

Lori A. Faubel

Lori A. Faubel
Supervising U.S. Probation Officer PJR

PROB12CW January 20, 2017

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** RODRIGUEZ, Sergio

2. **Docket No.** (Year-Sequence-Defendant No.): 14CR03276-003-AJB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Use of a controlled substance | C |
| Failure to follow the instructions of the probation officer | C |
| Failure to participate in cognitive behavioral treatment | C |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b)) [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a)) [ VI ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a)) [ 8 to 14 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | | Community Confinement | |
| Fine($) | | Home Detention | |
| Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

__✓__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

______ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON __________, AT __________, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

______ Other ________________________________________________________________

_____________________________________________________________________________

_____________________________________________________________________________

[signature] 2/3/17

The Honorable Anthony J. Battaglia
U.S. District Judge

Date